UNITED STATES of America, Plaintiff,

v.

Darwin Charles BROWN, Ralph Whitmore and M. Thomas Kent, Defendants.

Crim. No. 785-64.

United States District Court
District of Columbia.

Nov. 6, 1964.

See also 36 F.R.D. 204.

Barbara Lindemann, Asst. U. S. Atty. for the District of Columbia, Washing-

**208**

ton, D. C., for the Government.

Thomas Wadden, Jr., Peter R. Taft, Gary Bellow, and Marshall I. Stewart, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

These are motions by defendants to consolidate Counts 2 to 10 of the indictment with Count 1, and to dismiss Counts 2 to 10 as separate counts.

The indictment charges a series of fraudulent sales of securities in violation of the Securities Act of 1933, 15 U.S.C. § 77q(a). Each count charges the mailing of a different letter in connection with the perpetration of an alleged fraudulent sale. The defendants claim that the Act proscribes only a course of conduct and not individual fraudulent transactions and that, therefore, the separate counts are in effect repetitious.

While cases may be found in support of the proposition that, unlike offenses under the Mail Fraud statute, separate mailings do not constitute separate offenses in connection with violations of the Securities Act, many of them are district court decisions. While this Court has great respect for decisions of other district courts, nevertheless, it must yield to the authority of courts of appeals.

■ There seems to be a difference of opinion between the Second and Tenth Circuits, the Second Circuit holding that only a course of conduct is proscribed by the statute, thereby constituting a single offense. This was held in United States v. Cashin, 281 F.2d 669. On the other hand, the Tenth Circuit, in Palmer v. United States, 229 F.2d 861, 867, holds the following:

> "Is is well settled that each separate use of the mails in the execution of a scheme to defraud constitutes a separate offense. * * * The same rule applies to the use of the mails in a scheme to defraud in the sale of securities."

This Court will follow the Tenth Circuit.

Actually what is before the Court here is a matter of not much more significance than a debate over the proper method of drawing legal documents, because it is inconceivable to the Court that if the defendants are convicted on all of the counts they would receive consecutive sentences. It is reasonable to assume that concurrent sentences would be imposed.

■ It is conceivable that the Government might be prejudiced if it is not permitted to set out separate counts. The defendants are not prejudiced by the present form of the indictment.

The motions to consolidate the counts are denied.